UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PETER HICKS; HICKS, LLC; and WASATCH HICKS, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TREVOR R. MILTON; M&M RESIDUAL, LLC; and T&M RESIDUAL, LLC,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF TEXT MESSAGES (DOC. NO. 38)**<br><br>Case No. 2:24-mc-00176<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

　　　　The lawsuit underlying this motion to compel arises from Defendants' purchase of real property, known as Wasatch Creeks Ranch, from Plaintiffs.[1] Plaintiffs allege Defendant Trevor Milton made material misrepresentations to induce them to sell the property in exchange for stock options in Nikola Corporation, an entity Mr. Milton founded.[2] Plaintiffs allege the value of these options plummeted shortly after the sale, when Mr. Milton's misrepresentations regarding Nikola's business and technical achievements became public.[3]

　　　　This specific matter was transferred to this district from the Southern District of New York, where a subpoena dispute related to the underlying Utah lawsuit is being

---

[1] *See* Compl. ¶ 1, *Hicks et al. v. Milton et al.*, No. 2:22-cv-00166 (D. Utah Mar. 14, 2022).

[2] *See id.* ¶¶ 1–2.

[3] *See id.* ¶ 1.

1

heard.[4]  That court transferred this privilege log dispute "to avoid the risk of inconsistent privilege determinations."[5]  All involved parties also consented to the transfer of this privilege log dispute.[6]

At issue is Defendants' motion to compel nonparty Lucas Hicks to produce thirteen text messages Lucas[7] withheld on the basis of attorney-client privilege when responding to Defendants' document subpoena.[8]  Defendants argue the messages are not privileged and, alternatively, the court should review them in camera to assess privilege.[9]  In response, Plaintiffs contend[10] Lucas properly withheld the messages under the attorney-client privilege and as protected work product.[11]  Because Plaintiffs have adequately asserted attorney-client privilege and Defendants have failed to raise a

---

[4] (*See* Order, Doc. No. 34.)

[5] (*Id.*)

[6] (*Id.*)

[7] Because two of the individuals involved in this dispute—Peter Hicks and Lucas Hicks—share the same last name, the court refers to each by first name, for clarity.

[8] (*See* Mot. to Compel. Produc. of Text Messages ("Mot."), Doc. No. 38.)

[9] (*Id.* at 1–2.)

[10] Though Lucas (a nonparty) withheld production, both Lucas and Plaintiffs contend the privilege is held by Plaintiff Hicks, LLC.  (*See* Letter from Lucas Hicks to Magistrate Judge Daphne A. Oberg, Doc. No. 45.)  Accordingly, counsel for Plaintiff Hicks, LLC— rather than counsel for Lucas—is litigating this issue.  (*See id.*)

[11] (Resp. to Defs.' Mot. to Compel Produc. of Text Messages ("Opp'n"), Doc. No. 44.)

legitimate issue as to the application of the privilege asserted, in camera review is unjustified and Defendants' motion is denied.

## LEGAL STANDARDS

Attorney-client privilege protects confidential communications between an attorney and client made in order to obtain legal assistance from the attorney.[12]  In limited circumstances, the privilege may extend beyond communications between attorneys and their clients; for instance, communications between corporate employees for the purpose of obtaining legal advice may also be privileged.[13]  Attorney-client privilege also applies to corporate entities and, generally, the authority to assert the privilege rests with a corporation's management.[14]  The party invoking privilege must show the privilege applies.[15]

## BACKGROUND

Defendants served a document subpoena on Lucas.  Lucas responded by producing sixty-seven pages of text messages between Lucas and his father, Plaintiff

---

[12] *In re Grand Jury Procs.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation marks omitted); *see also Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of Just.*, 697 F.3d 184, 207 (2nd Cir. 2012) (same).  The court cites Tenth and Second Circuit law for reasons that will be explained below.

[13] *See, e.g.*, *Compass Prods. Int'l LLC v. Charter Commc'ns, Inc.*, No. 18-CV-12296, 2020 U.S. Dist. LEXIS 111195, at *7 (S.D.N.Y. June 24, 2020) (unpublished); *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-cv-890, 2011 U.S. Dist. LEXIS 76317, at *10–13 (D. Utah July 14, 2011) (unpublished); *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 638–39 (D. Kan. 2006) (collecting cases in support of the rule that "the attorney-client privilege extends to communications made within a corporation if those communications are made for the purpose of securing legal advice").

[14] *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348–49 (1985).

[15]  *In re Grand Jury Procs.*, 616 F.3d at 1883; *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011).

3

Peter Hicks.[16]  Lucas withheld thirteen text messages pursuant to attorney-client privilege, on the basis that they conveyed advice of counsel or reflected the intent to seek legal advice.[17]

Defendants advance two arguments in support of their position that the text messages are not privileged.  First, Defendants argue Lucas cannot assert attorney-client privilege because he is not the client associated with the text messages.[18]  Second, Defendants contend attorney-client privilege cannot apply because an attorney did not send or receive the texts.[19]

In response, Plaintiffs argue Lucas is asserting the privilege on behalf of Hicks, LLC, of which Lucas is a member.[20]  Plaintiffs also contend it is immaterial that an attorney did not send or receive the communications because attorney-client privilege

---

[16] (Mot. 2, Doc. No. 38.)

[17] (*Id.* at 3.)

[18] (Mot. 5–6, Doc. No. 38.)

[19] (*Id.* at 6–8.)

[20] (Opp'n 5, Doc. No. 44.)  The parties dispute Lucas's relationship to Hicks, LLC—Defendants argue Lucas is not a member or manager of Hicks, LLC, and Plaintiffs argue Lucas owns a five percent interest in the LLC.  (*See* Mot. 3–4, Doc. No. 38; Opp'n 4, Doc. No. 44; Ex. B to Opp'n, Second Amend. to Am. and Restated Operating Agreement of Hicks, LLC, Doc. No. 44-1.)

applies to communications about legal advice between LLC members.[21]

As explained below, Plaintiffs have adequately asserted attorney-client privilege applies to the communications.

ANALYSIS

As an initial matter, without explanation, both parties cite to Second Circuit cases, rather than Tenth Circuit cases.  A court within the Second Circuit (the Southern District of New York), transferred this matter to this district, and "when one district court transfers a case to another, the norm is that the transferee court applies its own Circuit's cases on the meaning of federal law."[22]  Under this approach, Tenth Circuit case law should govern.  Although courts sometimes diverge from this general rule if the circumstances require it,[23] neither party explained why a departure from this approach is warranted here.  This is immaterial in this case, as Plaintiffs have adequately asserted attorney-client privilege under both circuits' approaches.

### I. Whether Lucas has the right to assert the privilege

Defendants first argue Lucas cannot assert attorney-client privilege because he is not the client associated with the communications.[24]  Noting attorney-client privilege

---

[21] (Opp'n 6–7, Doc. No. 44.)

[22] *Sanofi-Aventis U.S., LLC v. Mylan, Inc.*, 44 F.4th 959, 980 (10th Cir. 2022); *see also Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("[A] transferee federal court should apply its interpretations of federal law, not the construction of federal law of the transferor circuit.").

[23] *See, e.g.*, *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1546 (10th Cir. 1996) (applying transferor court's law because "the unique language and purpose" of the statute at issue suggested Congressional intent to apply transferor law).

[24] (Mot. 5–6, Doc. No. 38.)

5

belongs to the client, Defendants contend that only Hicks, LLC can assert privilege.[25] Defendants cite a case from the Western District of New York in support of their argument that only a corporation's management may assert a corporation's attorney-client privilege.[26]  Citing publicly available information, Defendants contend Lucas is not a member of Hicks, LLC, let alone a corporate manager able to assert attorney-client privilege on behalf of the corporation, making his privilege claim improper.[27]

In response, Plaintiffs argue Lucas is asserting the privilege on behalf of Hicks, LLC, of which Lucas is a member.[28]  Plaintiffs submitted a 2018 operating agreement showing Lucas owns a half percent profit interest in Hicks, LLC.[29]  Plaintiffs contend that to assert attorney-privilege on behalf of a corporation, the person receiving the communication need only be "in a position to act or rely on the legal advice contained in the communication."[30]  Plaintiffs claim Lucas can assert attorney-client privilege on

---

[25] (*Id.*)

[26] (*Id.* at 5 (citing *MacKenzie-Childs LLC v. MacKenzie-Childs*, 262 F.R.D. 241, 248 (W.D.N.Y. 2009).)

[27] (*Id.*)

[28] (Opp'n 5–6, Doc. No. 44.)

[29] (*See* Ex. B to Opp'n, Second Amend. to Am. and Restated Operating Agreement of Hicks, LLC, Doc. No. 44-1.)  Peter owns the remaining interests in the LLC and is the LLC's manager.  (*See id.*)

[30] (Opp'n 6, Doc. No. 44 (quoting *Compass Prods. Int'l*, 2020 U.S. Dist. LEXIS 111195, at *7).)

behalf of the LLC because he is in a position to act on the legal advice, as a member of the LLC.[31]

Both parties focus heavily on whether Lucas himself may assert the privilege on behalf of Hicks, LLC (the client as to the communications). But Hicks, LLC and its manager, Peter, also argue the communications are privileged.[32] Even if Lucas could not assert the privilege, Hicks, LLC and Peter have appeared in this matter, and both assert the privilege on behalf of the LLC. Where the LLC and its undisputed manager are properly asserting attorney-client privilege on behalf of the LLC, Defendants' argument about whether Lucas can assert the privilege fails.

## II.    Whether communications between Lucas and Peter are privileged

Defendants next argue the text messages between Lucas and Peter cannot be privileged because an attorney did not send or receive them, and they do not otherwise reflect advice by counsel.[33] Defendants contend texts between nonlawyers can only be privileged if they reflect legal counsel's advice to the corporation—and involve only employees in a position to act on that advice or whose responsibilities include the

---

[31] (*Id.*)

[32] (*See generally id.*) As stated above, Hicks, LLC and Peter—not Lucas—are the parties arguing the communications are privileged.

[33] (*See* Mot. 6, Doc. No. 38.)

subject matter of the advice.[34] They maintain Lucas could not rely on any advice discussed or sought in the communications because he has no role in the LLC.[35]

Defendants note that, according to the privilege log, Lucas withheld messages either conveying the advice of counsel or reflecting the intent to seek legal advice.[36] But Defendants argue the factual context of the messages suggests they neither convey the advice of counsel nor the intent to seek that advice.[37] And, in any event, Defendants indicate they can find no legal support for Lucas's position that a communication reflecting or conveying a mere *intent* to seek or receive the advice of counsel is privileged.[38]

Plaintiffs offer two arguments in response. First, Plaintiffs argue it is irrelevant that an attorney did not send or receive the communications because the attorney-client privilege protects communications about an LLC's legal issues made between its two sole members.[39] Second, Plaintiffs cite two cases (one from a district court in the Second Circuit and one from a district court in the Tenth Circuit) supporting the application of the attorney-client privilege to communications expressing an intent to

---

[34] (*Id.* (citing *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995), and *Compass Prods. Int'l*, 2020 U.S. Dist. LEXIS 111195, at *7).)

[35] (*Id.* at 7.)

[36] (*Id.* at 3, 6–7.)

[37] (*Id.* at 7–8.)

[38] (*Id.* at 6–7.)

[39] (Opp'n 6–7, Doc. No. 44.)

8

seek advice of counsel.[40]

### A. Legal Authority Supports Lucas's Claim of Privilege

Defendants' legal arguments fail. First, Defendants' contention that the messages cannot be privileged unless they specifically convey advice of counsel is incorrect. The standard is whether the communications were made *for the purposes of obtaining legal advice*.[41] Plaintiffs assert the communications furthered that purpose and, as explained below, Defendants provide no legitimate reason to doubt this.

Defendants' argument that a communication cannot be privileged if it relates to *planned* conversations with counsel fails on similar grounds. Legal authority supports the notion that such communications may be privileged.[42] This makes sense: the purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[43] Peter and Lucas, as the sole

---

[40] (*Id.* at 7 (citing *Compass Prods. Int'l*, 2020 U.S. Dist. LEXIS 111195, at *7, and *Brigham Young Univ.*, 2011 U.S. Dist. LEXIS 76317, at *10–13).)

[41] *See, e.g.*, *Compass Prods. Int'l*, 2020 U.S. Dist. LEXIS 111195, at *7 (finding privileged communications regarding a planned discussion with lawyers made between nonlawyer employees); *Brigham Young Univ.*, 2011 U.S. Dist. LEXIS 76317, at *10–13 (finding privileged communications regarding a corporation's potential legal issues made between nonlawyer employees because "the essential elements of the privilege . . . do not require an attorney to have either authored or received the document at issue in order to maintain the privilege"); *Williams*, 238 F.R.D. at 638–39 (collecting cases in support of the rule that "the attorney-client privilege extends to communications made within a corporation if those communications are made for the purpose of securing legal advice").

[42] *See Compass Prods. Int'l*, 2020 U.S. Dist. LEXIS 111195, at *7; *Brigham Young Univ.*, 2011 U.S. Dist. LEXIS 76317, at *10–13.

[43] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

members of the LLC,[44] must be able to discuss topics about which they need to seek legal advice, without waiving privilege.

Finally, Defendants have not raised any genuine dispute as to whether Lucas could act on legal advice given to the LLC. Defendants acknowledge the attorney-client privilege protects communications between employees who are in a position to act or rely on the legal advice sought.[45] Relying on the incorrect premise that Lucas was not a member of the LLC, Defendants argue he could not act on legal advice relating to the LLC.[46] But Plaintiffs submitted evidence showing Lucas is a member of the LLC,[47] and Defendants provide no reason to doubt that evidence. Although Lucas owns a minority interest, he and Peter are the only members of the LLC, leaving both in a position to act or rely on legal advice relating to the LLC.[48] Accordingly, Lucas properly withheld the

---

[44] As noted above, Plaintiffs submitted a 2018 operating agreement showing Lucas and Peter are the sole members of the LLC. (*See* Ex. B to Opp'n, Second Amend. to Am. and Restated Operating Agreement of Hicks, LLC, Doc. No. 44-1.) Defendants provide no reason to doubt the authenticity of this document.

[45] (Mot. 6, Doc. No. 38 (citing *Compass Prods. Int'l*, 2020 U.S. Dist. LEXIS 111195, at *7)); *see also Brigham Young Univ.*, 2011 U.S. Dist. LEXIS 76317, at *10–13 (noting the privilege protects "communications involving corporate officers and agents . . . who will act on the legal advice").

[46] (Mot. 7, Doc. No. 38.)

[47] (*See* Ex. B to Opp'n, Second Amend. to Am. and Restated Operating Agreement of Hicks, LLC, Doc. No. 44-1.)

[48] *Cf. JA Apparel Corp v. Abboud*, No. 07 Civ. 7787, 2008 U.S. Dist. LEXIS 1825, at *8 (S.D.N.Y. Jan. 10, 2008) (unpublished) (noting disclosure of legal advice to a "low-level employee to whom the legal advice . . . would have had no significance" may waive privilege, because such employee would not be in a position to act or rely on the legal advice). Lucas is a member of the LLC. Defendants have not presented evidence showing he is a low-level employee lacking knowledge about the legal issues discussed in the communications.

messages which he asserts either convey legal advice or reflect an intent to seek it.

>    B.  *Nothing in the Context of the Messages Casts Doubt on the Privilege Claims*

Since communications between nonlawyer corporate members conveying the advice of counsel or an intent to seek such advice are protected by attorney-client privilege, the only issue remaining is whether the text messages actually convey what Plaintiffs say they do. Defendants try to cast doubt on the privilege designations by arguing the context of the messages suggests they do not actually reflect an intent to seek legal advice.[49] For example, Defendants note one of the messages "has Lucas saying, 'Will call you soon.' Peter replies 'Ok.' The next text is redacted, and then Lucas says, 'Yes. Call me.'"[50] Defendants argue this does not "support that Peter is conveying intent to seek advice of counsel."[51] But none of Defendants' arguments as to context are sufficient to raise a genuine dispute as to the accuracy of Plaintiffs' descriptions of the communications. These arguments constitute speculation, not a showing sufficient to create a legitimate issue as to the application of the privilege asserted.

For these same reasons, in camera review of the messages is unwarranted. "There is no basis for the Court to conduct an *in camera* review in situations wherein the privilege log at issue provides sufficient description of the documents withheld, the requesting party hasn't shown that the documents aren't privileged, and the underlying

---

[49] (*See* Mot. 8, Doc. No. 38.)

[50] (*Id.*)

[51] (*Id.*)

11

dispute comes down to whether the privileges apply."[52]  Because the privilege log sufficiently supports Lucas's withholding of the messages as privileged, and in camera review of the messages is unjustified, the court need not address Plaintiffs' argument that the messages are protected as attorney work product.

## CONCLUSION

Where Hicks, LLC has properly invoked attorney-client privilege, and provided sufficient information to support the application of the privilege, Defendants' motion to compel production[53] is denied.

DATED this 4th day of June, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[52] *Deffenbaugh Indus. v. Unified Gov't of Wyandotte Cnty.*, No. 20-2204, 2021 U.S. Dist. LEXIS 79243, at *8–9 (D. Kan. Apr. 26, 2021) (unpublished) (internal quotation marks omitted omitted).

[53] (Doc. No. 38.)  The original motion giving rise to this privilege dispute is Defendants' Motion to Compel Compliance with Subpoena, which was filed in the Southern District of New York.  The Southern District of New York partially resolved that motion and transferred only the privilege issue to this court.  This court then ordered Defendants to refile their motion, addressing only the privilege issue.  (*See* Doc. No. 37.)  Defendants refiled their motion as Doc. No. 38, which is the motion this order resolves.  Defendants' original motion, (Doc. No. 1), is therefore denied as moot.  Finally, because this order resolves the only active dispute under this case number (2:24-mc-00176), the clerk's office is directed to close the case.